IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RHYAQUIB STOVALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:11-CV-117 |
| | ) | |
| SUPERINTENDENT, MIAMI | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Rhyaquib Stovall, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* (DE 1) pursuant to 28 U.S.C. § 2254, challenging a finding of guilt in a prison disciplinary hearing. The Respondent has filed a motion to dismiss asserting that the sanction imposed by the hearing officer did not actually lengthen the duration of the Petitioner's confinement. The Petitioner has responded addressing the merits of his claim, but not the Respondent's contention that the sanction imposed on him did not effect the duration of his confinement. For the reasons set forth below, the court **GRANTS** the motion to dismiss, and the Clerk is **ORDERED** to **DISMISS** the petition.

BACKGROUND

According to administrative record, on December 22, 2010, a disciplinary hearing officer found Stovall guilty of possession of

intoxicants (DE 8-1), and sanctioned him with a written reprimand, fifteen days in disciplinary segregation, which was suspended, a one-month loss of commissary and telephone privileges and a fifteen-day earned credit time deprivation, which was also suspended (DE 8-2). The Respondent's submissions establish that the sanction imposed by the hearing officer did not actually lengthen the duration of the Petitioner's confinement because it was never imposed on him (DE 8-3).

DISCUSSION

Prisoners have a protected liberty interest in good-time credits they have earned because the loss of such credits affects the length or duration of their confinement. *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004). Accordingly, habeas corpus relief is an appropriate remedy for loss of good time credits because loss of earned credit time increases the duration of a prisoner's confinement. *Id.; Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990). The Fourteenth Amendment's due process clause does not, however, provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487, (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and disciplinary sanctions, such as placement in disciplinary segregation, that do not affect the duration of his

sentence). "Section 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of 'custody.'" *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998).

The records submitted by the Respondent establish that the suspended loss of earned credit time imposed on Stovall by the hearing officer did not actually lengthen the duration of his confinement because it was never imposed on him. The Respondent has submitted a portion of the Adult Disciplinary Procedures which states that "[t]he length of time that an offender may be under suspended sentence is six (6) months from the date of the disciplinary hearing that imposed the suspended sanction." (DE 8-4 at 2). The hearing officer found Stovall guilty on December 22, 2010, so the time within which the suspended loss of earned credit time imposed by the hearing officer could have been enforced has passed (DE 8-2).

The Petitioner has not contested the Respondent's submissions, which establish that the loss of credit time conditionally imposed by the hearing officer was never imposed and that the suspended sanction never did and never will effect the length of his sentence or his release date. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Forbes v. Trigg*, 976 F.2d 308, 312 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993). A case becomes moot when "it no longer present[s] a

case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

This Petitioner suffers no collateral harm from the finding of guilt in the disciplinary action that forms the basis of this cause of action because the loss of earned credit time was never imposed and cannot now be imposed. Accordingly, there is no longer any risk that the Petitioner will serve additional time as a result of the finding of guilt in the disciplinary action he challenges. Therefore, the Respondent's motion to dismiss this petition for writ of habeas corpus is well taken.

CONCLUSION

For the foregoing reasons, the Court now **GRANTS** the Respondent's motion to dismiss this petition (DE 7), and **DISMISSES** this petition.

**DATED: January 3, 2012**          **/S/RUDY LOZANO, Judge**
                                                   **United States District Court**